## August C. Jahnke, Defendant in Error, v. Stanley Biolos et al., Plaintiffs in Error.

### Gen. No. 6,316.   (Not to be reported in full.)

Error to the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the April term, 1916. Reversed. Opinion filed February 10, 1917.

### Statement of the Case.

Suit by August C. Jahnke, complainant, against Stanley Biolos, William A. Birk and Birk Brothers Brewing Company, a corporation, defendants, to enforce a mechanic's lien claim. From a decree finding the complainant entitled to a lien for $452 and ordering a sale of the premises involved to satisfy same, defendants bring error.

The complainant, a contractor and builder, furnished the defendant Stanley Biolos on his verbal contract certain repairs and improvements on a building in the possession of Biolos under a contract of purchase of the premises from the other defendants, who were the owners thereof.

E. V. ORVIS, for plaintiffs in error; BUTZ, VON AMMON & JOHNSTON, of counsel.

A. V. SMITH, for defendant in error.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

### Abstract of the Decision.

MECHANICS' LIENS, § 196*—*when evidence insufficient to show that owners knowingly permitted contract purchaser to contract*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*for repairs and improvements.* Evidence *held* insufficient to show that the defendant owners of the building in possession of their codefendant under a contract of purchase of the premises knowingly permitted said codefendant to contract with the plaintiff for certain repairs and improvements on the building so as to authorize a lien on the premises for such repairs and improvements, in a suit to enforce a mechanic's lien claimed because thereof.

# The People of the State of Illinois, Defendant in Error, v. Charles B. Munday, Plaintiff in Error.

## Gen. No. 6,232.

1. CRIMINAL LAW, § 460*—*when court will not look beyond abstract.* A reviewing court will not look beyond the abstract in a criminal case to find something upon which to reverse a judgment, but may examine the record for matters to sustain a judgment.

2. CRIMINAL LAW, § 498*—*what abstract presumed to contain.* Parties bringing the record of a criminal case to the Appellate Court for review are presumed to present in their abstract that part of it deemed by them necessary to support their contentions.

3. GRAND JURY, § 15*—*how objections as to being illegal body may be raised.* An objection that the grand jury returning an indictment was an illegal body not drawn or summoned in accordance with the statute can only be raised by challenge to the array or by motion to quash the indictment.

4. INDICTMENT AND INFORMATION, § 58*—*when motion to quash indictment properly denied.* A motion to quash an indictment made after plea and without withdrawing or asking to withdraw the plea, *held* properly denied.

5. INDICTMENT AND INFORMATION, § 50*—*what misdemeanors and offenses may be joined in indictment.* Distinct misdemeanors or offenses of the same kind may be joined in one indictment in separate counts.

6. INDICTMENT AND INFORMATION, § 45*—*when denial of petition for bill of particulars is proper.* A petition for a further bill of particulars in a criminal case, *held* properly denied where it did not appear definitely what information was furnished and what

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.